COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


RICHARD WOOD

                                    MEMORANDUM OPINION* BY
v.    Record No. 2615-99-1         JUDGE ROBERT J. HUMPHREYS
                                         JULY 25, 2000
JANICE WOOD CHAMBLISS, F/K/A
 JANICE C. WOOD


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    H. Thomas Padrick, Jr., Judge

              Cheshire I'Anson Eveleigh (Wolcott, Rivers,
              Wheary, Basnight & Kelly, P.C., on brief),
              for appellant.

              Leonard D. Levine (Gordon, Allison & Levine,
              P.C., on brief), for appellee.


     Richard Wood (Richard) appeals from a denial of his petition

to reopen the divorce proceedings between him and his former wife,

Janice Wood Chambliss (Janice), for the purpose of terminating

payments to wife of a portion of husband's pension.  For the

reasons that follow, we affirm the decision of the circuit court.

     A final decree of divorce ending the marriage between Richard

and Janice was entered by the circuit court on October 3, 1988.

This decree in pertinent part stated as follows:

              [T]he Complainant, Janice C. Wood is entitled
              to receive a monetary award of $53,861.00,
              which is 50% of the Defendant's [Richard's]

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

New York Police Department pension benefits
(the present value of which is $107,722.00),
payable to her at the rate of $424.00 per
month, based upon consideration of all
marital property of the parties, including
the Defendant's New York Police Department
retirement benefits and the Defendant,
Richard Wood, being entitled to receive same,
it is ORDERED that the New York City Pension
Bureau, City of New York, shall pay the
portion due to Complainant [Janice] pursuant
to the provisions of this Order directly to
the Complainant.  The first payment shall be
due Complainant on October 1, 1988.  These
payments shall resolve the matter of the
Complainant's interest in the Defendant's
Police Department pension and these payments
are made as a division of property pursuant
to Virginia Code Section 20-107.3.  The
Complainant shall receive her proportionate
share of said retirement payment income each
month for as long as Defendant receives his
pension or until one of the parties dies.

After Janice received $53,861 from Richard's pension, Richard petitioned the circuit court to reopen and place the matter back on the docket for the purpose of entering an order terminating further payments to Janice, as well as her interest in Richard's pension benefits.

By letter opinion, the circuit court denied Richard's petition and in doing so "determined that the source of the confusion at the time [of the entry of the decree] was the law's requirement [at that time] that the present value of the Defendant's pension had to be established and some prior hearings had not done so."

-

Code § 20-107.3(E)(8) as it existed prior to July 1, 1988, required the court to consider the present value of a pension in making a monetary award. This requirement existed even if the payments were deferred. However, in Zipf v. Zipf, 8 Va. App. 387, 382 S.E.2d 263 (1989), we held:

> [U]se of the present value to fix a sum certain monetary award derived from a pension is not only unnecessary, but inappropriate where distribution is deferred, we conclude that in this instance the legislature did not intend the present value to serve as a means of diminishing the true value of the monetary award. The present value calculation serves two important functions. First, it provides the trial judge with an informational base figure to assist in calculating the amount of the award. In addition, the present value of a pension would be useful information for the "party against whom a monetary award is made," who might wish immediately to "satisfy the award, in whole or in part, by conveyance of property, subject to the approval of the court."

Id. at 397-98, 382 S.E.2d at 269 (citing Code § 20-107.3(D)).

In cases such as this one, a present value calculation of any pension benefits is virtually meaningless because the pension is divided by percentage and paid over time. In this instance, Janice was awarded a 50% share of Richard's pension stream, payable as he received payments. We find that the reference in the decree to the sum Janice was entitled to receive did not defeat the trial court's clear award of an ongoing 50% share in Richard's pension benefits.

-

Richard relies on our decision in Hastie v. Hastie, 29 Va. App. 776, 514 S.E.2d 800 (1999), as authority that the pension payments to Janice should be terminated.  His reliance on Hastie is misplaced.  The decree entered in Hastie allocated 40% of the husband's retirement pension valued at $102,496.40 payable at the rate of $575.04 monthly "until paid in full."  Id. at 778, 514 S.E.2d at 801 (emphasis in original).  In contrast, the plain language of the decree here required the pension payments to Janice to continue "as long as [Richard] receives his pension or until one of the parties dies."  (Emphasis added).

We therefore find no error in the decision of the trial court.

                                                    Affirmed.

-